UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Alfonso Duran,<br><br>　　　　Plaintiff,<br><br>　　　　　　- vs. –<br><br>The Best Grocery Corp., *and* Alfredo Duran,<br><br>　　　　Defendants. | Case No. 18-cv-_____<br><br>**COMPLAINT** |

Plaintiff Alfonso Duran, by and through his undersigned attorneys, for his complaint against Defendants The Best Grocery Corp., and Alfredo Duran, alleges as follows:

### NATURE OF THE ACTION

1.　　Plaintiff Alfonso Duran alleges that he is entitled to: (i) compensation from Defendants for wages paid at less than the statutory minimum wage required by the FLSA; (ii) unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay as required by the FLSA; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Plaintiff is an adult individual residing in Brooklyn, New York.

4. Plaintiff consents to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Upon information and belief, Defendant The Best Grocery Corp. ("Best Grocery") is a New York corporation with a principal place of business at 10918 Farmers Blvd, St. Albans, New York 11412.

6. At all relevant times, Best Grocery has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, Best Grocery has had gross revenues exceeding $500,000.00.

8. Upon information and belief, at all relevant times herein, Best Grocery has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Best Grocery has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, Defendant Alfredo Duran is an owner or part owner and principal of Best Grocery; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Mr. Alfredo Duran is involved in the day-to-day operations of Best Grocery and plays an active role in managing the business.

12. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## FACTS

15. At all relevant times herein, Defendants owned and operated a grocery store in the St. Albans area of Queens, New York.

16. Plaintiff was employed by Defendants from approximately 1997 through August 27, 2017, although there was a gap in his employment for approximately a month and a half in 2015.

17. Plaintiff was employed as a counterman, sandwich-man, and cleaner, and was also responsible for buying certain products to stock the store.

18. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

19. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

20. Plaintiff's regular schedule was six days per week, every day except Monday.

21. Since approximately 2011, Plaintiff worked from 8:00 A.M. to 4:00 P.M. on Tuesday, Wednesday, and Thursday; from 8:00 A.M. to 5:00 P.M. on Friday; from 8:00 A.M. to 10:00 P.M. on Saturday; and from 8:00 A.M. to 8:00 P.M. on Sunday.

22. Consequently, Plaintiff worked roughly 59 hours per week in each week of his employment with Defendants.

23. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

24. Plaintiff was paid by cash throughout his employment with Defendants.

25. Plaintiff was paid $300 per week.

26. Consequently, Plaintiff's effective rate of pay was always below the statutory minimum wages in effect at relevant times.

27. Defendants' failure to pay Plaintiff an amount at least equal to the FLSA and New York state minimum wages was willful, and lacked a good faith basis.

28. In addition, Defendants failed to pay Plaintiff an overtime "bonus" for the hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

29. Defendants' failure to pay Plaintiff the overtime bonus for his overtime hours worked was willful, and lacked a good faith basis.

30. Throughout his employment, Plaintiff worked two shifts per week that exceeded ten hours from start to finish, yet Defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked shifts lasting more than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

31. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

### **COUNT I: Fair Labor Standards Act – Minimum Wage**

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

35. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 206.

37. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT II: Fair Labor Standards Act - Overtime**

38. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

40. Defendants had a policy and practice of refusing to pay overtime compensation to their employees for some of the hours they worked in excess of forty hours per workweek.

41. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for some of their work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

43. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III: New York Labor Law – Minimum Wage

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

45. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

46. Defendants willfully violated Plaintiff's rights by failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

47. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

48. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III: New York Labor Law - Overtime

49.  Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51.  Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for some of the hours worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

52.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53.  Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law – Spread of Hours

54.  Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56.  Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting longer

than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

57. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V: New York Labor Law – Wage Theft Prevention Act**

59. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

62. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements that conformed to the specific requirements of the Wage Theft Prevention Act at any time during his employment.

63. Due to Defendants' New York Labor Law violations relating to the failure to provide accurate weekly wage statements, Plaintiff is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per

day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

64. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

  f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

  g. Liquidated damages for Defendants' New York Labor Law violations;

  h. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

  i. Back pay;

  j. Punitive damages;

  k. An award of prejudgment and post judgment interest;

  l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  m. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
   March 28, 2018

          /s/ *Michael Samuel*
          Michael Samuel, Esq.

          SAMUEL & STEIN
          38 West 32nd Street
          Suite 1110
          New York, New York 10001
          (212) 563-9884
          michael@samuelandstein.com