UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 18-CV-01891 (AMD) (RER)

---

ALFONSO DURAN,

Plaintiff,

vs

THE BEST GROCERY CORP., AND ALFREDO DURAN,

Defendants.

---

**REPORT & RECOMMENDATION**
January 28, 2019

---

**to the Honorable Ann M. Donnelly
United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Alfonso Duran ("Plaintiff"), commenced this action against The Best Grocery Corporation ("Best Grocery" or "Corporate Defendant") and Alfredo Duran ("Individual Defendant") (collectively, Defendants") on March 28, 2018, to recover unpaid wages, overtime compensation, and related damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New York Labor Law ("NYLL") §§ 190 and 650 *et seq*. (Docket Entry ("Dkt. No.") 1 ("Compl.")).

Before the Court is Plaintiff's motion for default judgment.[1] For the reasons set forth herein, I respectfully recommend that Plaintiff's motion for default judgment be granted, and that judgment be entered against

---

[1] Defendants did not file an appearance. On July 27, 2018, the Clerk of the Court noted Defendants' default pursuant to Fed. Rule Civ. P. 55(a). (Dkt. No. 12). On August 17, 2018, the Plaintiff filed a motion for default judgment. (Dkt. No. 13). On August 23, 2018, the Plaintiff's motion was referred to me for a report and recommendation on the issues of liability and damages. (ECF Order dated 8/23/18).

1

Defendants, jointly and severally, in the amount of $71,189.63, plus attorneys' fees, costs, and pre- and post-judgment interest.

## BACKGROUND

Best Grocery is a grocery store with its principal place of business in Queens, New York. (Compl. ¶ 5). Plaintiff worked as a counterman, sandwich-man, and cleaner for Defendants six days a week, from approximately 1997 until August 27, 2017. *Id*. ¶¶ 16–17, 20. Plaintiff typically worked from 8:00 a.m. to 4:00 p.m. on Tuesdays, Wednesdays, and Thursdays; 8:00 a.m. to 5:00 p.m. on Fridays; 8:00 a.m. to 10:00 p.m. on Saturdays; and 8:00 a.m. to 8:00 p.m. on Sundays. *Id*. ¶ 21. From January 1, 2011, through August 27, 2017, Plaintiff worked approximately 59 hours per week. *Id*. ¶ 22. Defendants did not provide Plaintiff with a time clock, sign-in sheet, or any other method for Plaintiff to record the hours he worked. *Id*. ¶ 23.

During the aforementioned time period, Defendants paid Plaintiff a fixed salary of $300 per week. *Id*. ¶ 25. Defendants did not pay Plaintiff an overtime premium or spread-of-hours pay for any day in which he worked over ten hours. *Id*. ¶¶ 28, 30. Additionally, Defendants never provided Plaintiff with weekly written statements of his wage rates or hours worked. *Id*. ¶¶ 31, 62.

For the sake of brevity, suffice it to say that I have carefully reviewed the complaint and Plaintiff's submissions in support of his motion for default judgment. Those submissions, and the fact that Defendants are in default,[2] establish that the Defendants are jointly and severally liable, pursuant to 29 U.S.C. §§206(a)(1), 207(a), N.Y. Comp. Codes R. & Regs. tit. 12 §§ 146–3.5, 146–1.4, and N.Y. Lab. Law § 195(3).[3]

## DISCUSSION

### I. Damages

Unlike establishing liability on a motion for default judgment, the court need not accept a plaintiff's allegations relating to damages. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. It is the court's responsibility to establish that damages have an evidentiary basis that can be "ascertained with reasonable certainty." *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *see* FED. R. CIV. P. 55(b)(2); *Cardoza v. Mango King Famers Market Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *6 (E.D.N.Y. Sept. 1, 2015). Regardless of this evidence, the plaintiff's recovery is limited to the amount and type pleaded. FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also Silge v. Merz*,

---

[2] Upon entry of default, Defendants concede all well pleaded factual allegations in the Complaint relating to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "It is the court's responsibility to determine if these well-pleaded facts establish the defendants' liability as a matter of law." *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-1593 (SJ) (RER), 2017 WL 4838820 (E.D.N.Y. Sept. 9, 2017) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

[3] Defendants are jointly and severally liable because Plaintiff alleges Individual Defendant was the owner or part owner and principal of Best Grocery, had the power to hire and fire employees, set wages and schedules, and maintain business records, and the Corporate Defendant engaged in interstate commerce and had an annual gross volume of sales not less than $500,000.00, as required by the FLSA. Compl. ¶¶ 6–8. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 128–29 (E.D.N.Y. 2011) (holding allegations that individual had authority over personnel and payroll decisions and authority to hire and fire employees adequate to impose joint and several liability).

2

510 F.3d 157, 160 (2d Cir. 2007). Thus, Plaintiff's evidentiary submissions and amounts alleged in the complaint affect the Court's independent damages analysis.

Plaintiff is entitled to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, and all reasonable attorney's fees and interest, pursuant to 29 U.S.C. § 216 and N.Y. LAB. LAW § 198(1)(a). Since Plaintiff alleges claims of minimum wage and overtime compensation violations under both the FLSA and the NYLL, the statute of limitations will dictate which law provides damages.[4]

Willful violations of the FLSA are governed by a three-year statute of limitations. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 129, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (citing 29 U.S.C. § 255(a)). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited[.]" *Id.* at 133. Under the NYLL, the statute of limitations is six years regardless of willfulness. NYLL §§ 198(3). Plaintiff filed his Complaint on March 28, 2018. (Dkt. No. 1). Because Plaintiff claims Defendants' violations were willful (Compl. ¶¶ 36, 42), his FLSA claims accrued on March 28, 2015. The NYLL will cover Plaintiff's claims from March 28, 2011. Plaintiff's claims prior to March 28, 2011 are barred by the applicable statute of limitations. (Compl. ¶ 21).

A. Unpaid Compensation Damages

An employee claiming damages for unpaid compensation bears the burden of proving he was not compensated for work performed. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 252. When an employer does not keep records of wages and hours of employees, as required by law,[5] a plaintiff's sworn declarations "containing information as to hours worked and rates of pay based on estimation and recollection," even if the information provided is general and not detailed, is considered a sufficient basis for the determination of damages. *Herrera v. Tri-State Kitchen and Bath, Inc.,* No. 14-CV-1695 (ARR) (MDG), 2015 WL 1529653, at *8 (E.D.N.Y. March 31, 2015) (finding inquest hearing unnecessary where plaintiffs submitted sworn statements regarding their pay rates and hours worked); *Santillan v. Henao*, 822 F.Supp.2d 284, 293 (E.D.N.Y. Sept. 30, 2011).

Here, Plaintiff submitted a declaration describing his approximate dates of employment, along with his average hours and wages per week. (*See generally* Dkt. No. 13 Exh. D ("Pl. Decl.")). Plaintiff's attorney, Michael Samuel ("Samuel"), also submitted a memorandum of law in conjunction with the motion, including tables of damages calculations for each claim. (Dkt. No. 13 ("Pl.'s Motion")). Therefore, Plaintiff has met his burden.

1. Regular Rate

To calculate a plaintiff's minimum wage compensation, the Court must determine plaintiff's regular hourly wage rate. *Santillan*, 822 F. Supp. 2d at 295. This rate is calculated by "dividing the salary by the number of hours which the salary is

---

[4] Because both the FLSA and NYLL are compensatory in nature, "double recovery may result if damages are awarded for the same hours worked" under both statutes. *Cardoza*, 2015 WL 5561033, *6 (internal citations omitted).

[5] 29 U.S.C. § 211(c); *see also* N.Y. COMP. CODES R. & REGS. tit 12 § 142–2.6.

3

intended to compensate." 29 C.F.R. § 778.1.[6] Plaintiff alleges Defendants paid him a weekly fixed rate of $300. (Compl. ¶ 25) (Pl. Decl. ¶ 10). Thus, Plaintiff's regular rate for all relevant times of employment was $5.08 ($300/59 hours). (Compl. ¶¶ 22, 25).

2. Unpaid Minimum Wages

The federal minimum wage does not preempt the state minimum wage. *See* 29 U.S.C. § 218(a). A plaintiff may recover under whatever statute provides the highest measure of damages. *Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635 (LAK) (JCF), 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *adopted by*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011). Plaintiff was entitled to the following minimum wages under state and federal law: $7.25 from March 28, 2012, until December 30, 2013; $8.00 from December 31, 2013, until December 30, 2014; $8.75 from December 31, 2014, until December 30, 2015; $9.00 from December 31, 2015, until December 30, 2016; and $11.00 from December 31, 2016, until December 30, 2017. 29 U.S.C. § 206(a)(1)(c); N.Y. Lab. Law § 652 (1).

Applying Plaintiff's regular rate of $5.08 per hour demonstrates that Plaintiff was paid below the minimum wage rate during his entire employment. From March 28, 2012, through December 30, 2015 ("Pay Period 1"), Plaintiff was paid $2.17 below the hourly minimum wage rate ($7.25 – $5.08). For this period, he is owed $11,714.75 under the FLSA ($2.17 an hour X 59 hours per week X 91.5 weeks). From December 31, 2013, through December 30, 2014 ("Pay Period 2"), Plaintiff was paid $2.92 below the hourly minimum wage rate ($8.00 – $5.08), resulting in $8,958.56 in unpaid minimum wages ($2.92 X 59 hours X 52 weeks). From December 31, 2014, through December 30, 2015 ("Pay Period 3"), Plaintiff was paid $3.67 below the hourly minimum wage rate ($8.75 - $5.08). During this time period, Plaintiff recounts a gap in his employment for approximately 1.5 months. (Pl. Decl. ¶ 3). For the 45.5 weeks Plaintiff worked during this time period, Plaintiff is owed $9,852.12 ($3.67 X 59 hours X 45.5 weeks). From December 31, 2015, through December 30, 2016 ("Pay Period 4"), Plaintiff was paid $3.92 below the minimum hourly wage rate ($9.00-$5.08), resulting in $12,026.56 in unpaid minimum wages ($3.92 X 59 hours X 52 weeks). Lastly, from December 31, 2016, through August 27, 2017 ("Pay Period 5"), Plaintiff was paid $5.92 below the minimum wage per hour ($11.00 - $5.08). For this period, he is owed $11,875.52 ($5.92 X 59 hours X 34 weeks). Consequently, I respectfully recommend that Plaintiff be awarded a sum of $54,427.51 in unpaid minimum wage compensation.

3. Unpaid Overtime Compensation

Overtime compensation under the FLSA is 1.5 times the regular rate of pay for each hour worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The NYLL incorporates and restates the FLSA's requirements, such that the analysis of overtime claims under the NYLL is generally the same as under the FLSA. *See* N.Y. COMP. CODES R. & REGS. tit. 12 § 142–2.2.

Here, Plaintiff sufficiently alleges that Defendants did not pay him overtime compensation for 19 hours worked per week (59 hours – 40 hours). (Compl. ¶ 28).

---

[6] New York's Hospitality Wage Order regular rate of pay calculation does not apply, because Plaintiff has merely categorized his employment duties as a "sandwich-man," which is insufficient pleading for the Court to establish that he works within the hospitality industry. 12 NYCRR § 146-3.1, §146-3.5(b) (Compl.

¶¶ 2, 36); *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)).

4

Plaintiff's overtime premium during Pay Period 1 should have been $3.63 ($7.25 / 2) per hour.[7] Thus, Plaintiff is entitled to $6,310.76 in overtime compensation for this period (19 hours X $3.63 X 91.5 weeks). Plaintiff's overtime premium during Pay Period 2 should have been $4.00, thus entitling Plaintiff to $3,952.00 in overtime compensation (19 hours X $4.00 X 52 weeks). Plaintiff's overtime premium during Pay Period 3 should have been $4.38, resulting in $3,786.51 in unpaid overtime compensation (19 hours X $4.38 X 45.5 weeks). Plaintiff's overtime premium during Pay Period 4 should have been $4.50. Thus, Plaintiff is entitled to $4,446.00 in unpaid overtime compensation (19 hours X $4.50 X 52 weeks). During Pay Period 5, Plaintiff's overtime premium should have been $5.50, entitling him to $3,553.00 in unpaid overtime compensation (19 hours X $5.50 X 34 weeks). In sum, I respectfully recommend that Plaintiff be awarded a total of $10,262.76 in unpaid overtime wages.

4. Spread of Hours Compensation

The NYLL's spread-of-hours provision requires employers to pay employees working shifts of ten or more hours one additional hour of pay at the minimum statutory wage rate. N.Y. COMP. CODES R. & REGS. tit 12, § 142–2.4. Only employees making the minimum wage rate, or less, are eligible for spread-of-hours compensation. *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 473–74 (E.D.N.Y. Feb. 10, 2011).

Plaintiff alleges he worked 14 hours on Saturdays and 12 hours on Sundays during the time periods at issue. (Compl. ¶ 21). Plaintiff's regular rate of pay was always below the statutory minimum wage rate. (Compl. ¶ 26). For Pay Period 1, Plaintiff is entitled to $1,326.75 in spread-of-hours compensation ($7.25 per hour X 2 days X 91.5 weeks). For Pay Period 2, Plaintiff is entitled to $832.00 in spread-of-hours compensation ($8.00 X 2 days X 52 weeks). During Pay Period 3, Plaintiff should have been paid $796.25 in spread-of-hours compensation ($8.75 X 2 days X 45.5 weeks), and during Pay Period 4, $936.00 in spread-of-hours wages ($9.00 X 2 days X 52 weeks). For Pay Period 5, Plaintiff is entitled to $748 in spread-of-hours compensation ($11.00 X 2 days X 34 weeks). In sum, Plaintiff is entitled to $4,639.00 in spread-of-hours compensation as a result of Defendants' violations of N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2.

B. Wage Theft Prevention Act

The New York Wage Theft Prevention Act, effective April 9, 2011, and further amended on February 27, 2015, requires that every employer provide employees at the time of hiring a notice containing information on rates of pay. N.Y. LAB. LAW § 195(1); *see Guaman v. Krill Contracting*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at **8–9 (E.D.N.Y. June 9, 2015). All employers must also obtain "a signed and dated written acknowledgement of receipt of this notice." *Id*. Plaintiff is not entitled to recover under Section 195(1) of the NYLL because Defendant hired Plaintiff before the Section's enactment. NYLL § 195(1) (eff. Apr. 9, 2011) (Compl. ¶¶ 16, 61).

Plaintiff also alleges Defendants violated the NYLL § 195(3), effective April 9, 2011, which requires employers to provide employees with a written statement of wages

---

[7] Because I recommend that Plaintiff should receive minimum wage compensation for all hours worked (59 hours/week), Plaintiff is only entitled to one-half time in unpaid overtime compensation for the overtime hours he worked (19 hours/week). *See Galicia v. 63-68 Diner Corp.*, No. 13-CV-03689 (PKC), 2015 WL 1469279, at *4 (E.D.N.Y. March 30, 2015).

5

every pay period. Employees who do not receive a copy of this written statement may recover $250 per work day in statutory damages, up to a maximum of $5,000. N.Y. LAB. LAW § 198(1–d) (effective February 27, 2015).[8]

Plaintiff claims he never received Section 195(3) statements from Defendants. (Compl. ¶ 31). Since Plaintiff was employed after April 9, 2011, I respectfully recommend that Plaintiff be awarded $5,000 in damages for Defendants' violations of Section 195(3), which provides the maximum recovery under the statute for the entire period of his employment.

### C. Liquidated Damages

Plaintiff also seeks an award of liquidated damages under the FLSA and the NYLL. Both statutes provide for a liquidated damages award of 100% of actual damages. *See* 29 U.S.C. §216(b); N.Y. LAB. LAW §198(1–a). In keeping with the prevailing view of this Circuit and other decisions of this Court, a plaintiff may not recover liquidated damages under both the NYLL and the FLSA. *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 61 (2d Cir. 2016) (summary disposition) ("the NYLL and FLSA liquidated damages provisions are identical in all material respects, serve the same functions, and redress the same injuries….[W]e interpret the New York statute's provision for liquidated damages as satisfied by a similar award of liquidated damages under the federal statute."); *see also Sajvin v. Singh Farm Corporation*, No. 17-CV-4032 (RER) (AMD), 2018 WL 4214335, at *7 (E.D.N.Y. Aug. 13, 2018); *Zhang v. Red Mountain Noodle House, Inc.*, No. 15-CV-628 (SJ) (RER), 2016 WL 4124304, at *4 (E.D.N.Y. July 5, 2016); *Charvac v. M&T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *6 (E.D.N.Y. June 17, 2015). Instead, courts should award liquidated damages under the statute that provides the greater recovery. N.Y. LAB. LAW § 198(1–a). The NYLL applies to Plaintiff's claims because the NYLL's statute of limitations enables Plaintiff to recover liquidated damages for all claims during all Pay Periods.

An employee can recover liquidated damages equal to the amount owed for unpaid wages under the NYLL, unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. LAB. LAW § 198(1–a). Since Defendants failed to answer the Complaint or respond to this motion, and default judgment has been entered against them, the failure to pay Plaintiff is deemed willful. *See Herrera*, 2015 WL 1529653, at *12 (citing *Blue v. Finest Guard Services, Inc.*, No. 09-CV-133 (ARR) (CLP), 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010)). Plaintiff is therefore entitled to 100% of his damages for minimum wage ($16,021.23), overtime ($10,262.76), and spread-of-hour ($4,639.00) violations under the NYLL. N.Y. Lab. Law § 198(1–a). Accordingly, I respectfully recommend that Plaintiff be awarded $33,094.82 in liquidated damages.[9]

### D. Interest

---

[8] Section 195(3) of the NYLL originally permitted employees to recover $100 per week in statutory damages, with a maximum amount of $2,500. The Section was amended on February 27, 2015, to award $250 per workday, with a cap of $5,000 for violations of the provision. N.Y. LAB. LAW § 198(1–d).

[9] Plaintiff is not entitled to liquidated damages for monies awarded under the Wage Theft Prevention Act. *See* N.Y. Lab. Law § 198(1-d).

6

1. Prejudgment Interest

Plaintiff also seeks prejudgment interest on all compensatory damages. (Compl. ¶¶ 37, 43). The NYLL allows courts to award plaintiffs prejudgment interest at an interest rate of 9% per annum, in addition to a liquidated damages award. N.Y. Lab. Law § 198(1–a); *Espinoza v. Industrial Glass & Mirror, Inc.*, No. 16-CV-64 (ARR) (RER), 2016 WL 7650592, at *6 (E.D.N.Y. Nov. 30, 2016). To determine the date from which to award prejudgment interest, courts generally select the median date between when the action was filed and the earliest date on which the cause of action existed. *Id*. at *6 (collecting cases). Thus, the median applicable date for Plaintiff's interest to accrue on is March 28, 2015.

Since the Court has recommended that Plaintiff receive compensatory damages, he should receive prejudgment interest on the sum of unpaid minimum wages, unpaid overtime compensation, and unpaid spread-of-hours pay.[10] As such, I respectfully recommend that Plaintiff be awarded pre-judgment interest on $33,094.82, which amounts to $8.16 per diem ((9% / 365 days) X $33,094.82), from March 28, 2015, through entry of judgment.

2. Post-judgment Interest

In the Second Circuit, a post-judgment interest award is "mandatory" and plaintiffs are entitled to the post-judgment interest rate provided by Section 1961 as a matter of right. *Id*. at *7 (citing *Herrera*, 2015 WL 1529653, at *12 (internal citations omitted)); *see* 28 U.S.C. § 1961 (a) (providing that post-judgment interest rates are calculated "from the date of the entry of judgment at [the federal] rate equal to the weekly average 1 year constant maturity Treasury yield … for the calendar week preceding the date of judgment"). Accordingly, I respectfully recommend that Plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment, until the date of payment.

3. Attorneys' Fees

Plaintiff seeks reasonable attorneys' fees and costs, which he is entitled to recover under both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). In the Second Circuit, the prevailing party can recover a "presumptively reasonable fee," *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This fee is calculated by multiplying the hours counsel reasonably spent on the litigation by a "reasonably hourly rate," which is based on the "prevailing [hourly rate] in the community … where the district court sits." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. Of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *E. Sav. Bank FSB v. Strez*, No. 11-cv-1543 (ENV) (LB), 2013 WL 6834806, at *4 (E.D.N.Y. Dec. 20, 2013).

a.   Reasonable Hourly Rate

In order to determine the reasonable hourly rate in a community, courts examine the "prevailing [rates] … for similar services of lawyers of reasonably comparable skill, experience, and reputation" practicing in the area. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Simmons* 575 F.3d 170. Courts receive guidance from (1) rates awarded in prior cases; (2) its own knowledge of hourly rates charged in the district; and (3) evidence submitted by the

---

[10] Plaintiff is not entitled to prejudgment interest on monies awarded under the Wage Theft Prevention Act. *See* N.Y. Lab. Law §§ 195(3).

7

parties. *See Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005). "[T]he nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184, n.2.

The party seeking reimbursement of attorney's fees bears the burden of establishing that the hourly rates requested are reasonable. *See generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Contemporaneous time records that include "the date, the hours expended, and the nature of the work done" must accompany the party's request for attorney fee reimbursement to establish that the standard of reasonableness has been met. *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568 (JG) (SMG), 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012) (quoting *Carey*, 711 F.2d at 1148).

This action is relatively straightforward, especially because Defendants defaulted. *See Encalada v. Baybridge Enters. Ltd.*, No. 14-CV-3113 (BMC), 2014 WL 4374495, at *2 (E.D.N.Y. Sept. 2, 2014), *affirmed by*, 612 F. App'x 54 (2d Cir. Sept. 9, 2015) (noting that "although [t]here are some relatively few, FLSA cases that raise complex issues…the majority of caes…could hardly be simpler"). Plaintiff has submitted contemporaneous billing records for his counsel's hours, along with a declaration from counsel detailing counsel's qualifications. (*See* Dkt. No. 13). Plaintiff seeks $400.00 per hour for Samuel, a partner at Samuel & Stein, and $225 for Ruchama L. Cohen ("Cohen"), an associate at Samuel & Stein. (*See* Dkt. No. 13, Declaration of Michael Samuel ("Samuel Decl.") ¶¶ 26–29). Samuel is a founding partner of Samuel & Stein and has been licensed to practice law in New York since 1994. *Id*. ¶ 26. Over the last several years, Samuel has handled over 180 wage-and-hour cases. *Id*. Cohen has practiced law since 2015, almost exclusively in wage-and-hour cases. *Id.* ¶ 28. She has been licensed to practice law in New York since 2016. *Id*.

Recent decisions in this District have found that $300.00–$400.00 per hour is the reasonable range for partners in typical FLSA cases, and $100.00–$150.00 per hour is reasonable for junior associates. *See, e.g.*, *Alvarez v. Sterling Portfolio Investment, LP*, No. 16-CV-5337 (CBA) (VMS), 2017 WL 8790990, at *8 (E.D.N.Y. Dec. 13, 2017) (collecting cases). In light of Samuel's 25 years of experience, I respectfully recommend that the Court award Samuel his requested rate of $400, which is within the range lawyers with similar experience, expertise, and reputation in this District charge. *Id*. In light of the prevailing rates for junior associates in this district, and the relatively straightforward nature of this case, I respectfully recommend reducing Cohen's hourly rate to $150 per hour. *See, e.g.*, *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016) (junior associates "generally command $100 to $150 per hour").

b. Reasonable Hours Expended

The second component in calculating attorneys' fees is determining the reasonable number of hours expended on the litigation. Courts should "exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Plaintiffs may support their claims for reasonable hours by submitting documentation detailing "the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148.

Plaintiff's submissions establish the reasonableness of the 6.1 hours expended on

8

his litigation. Plaintiff seeks 2.7 hours for Mr. Samuel and 3.4 hours for Cohen. (Samuel Decl. ¶ 30). Plaintiff also submits time records demonstrating a reasonable amount of time expended on litigation tasks. *Id*. Accordingly, I respectfully recommend that Plaintiff be awarded $1,590.00 in attorneys' fees, consisting of $1,080.00 for Samuel's fees ($400 X 2.7 hours) and $510 for Cohen's fees ($150 X 3.4 hours).

  c. Costs and Fees

Plaintiff also seeks to recover $549 in costs, consisting of $400 for the court filing fee, and $149 for the service fee. "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (citing *Tips Exports, Inc. v. Music Mahal, Inc.*, No. 01-CV-5412 (SJF) (VVP), 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007)). Plaintiff has submitted sufficient documentary evidence for these costs. (Dkt. No. 13 Exh. E ("Service Invoice")); *See Tacuri v. Nithun Construction Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *14 (E.D.N.Y. Feb. 24, 2015) (noting that a court can take judicial notice of the court's filing fee and award it without Plaintiff having submitted supporting evidence). Therefore, I respectfully recommend that Plaintiff be awarded the full $549 he seeks in costs.

### CONCLUSION

For the reasons set forth above, I respectfully recommend that: (1) the Court grant Plaintiff's motion for a default judgment against Best Grocery and Alfredo Duran, jointly and severally; (2) the Court award Plaintiff damages totaling $71,189.63, consisting of $16,021.23 in unpaid minimum wage, $10,262.76 in unpaid overtime compensation, $4,639.00 in spread of hours compensation, $33,094.82 in liquidated damages, and $5,000 in statutory damages, plus pre- and post-judgment interest; (3) the Court award Plaintiff attorneys' fees and costs.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Ann M. Donnelly within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge
Dated: January 28, 2019
Brooklyn, New York

9