UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALFONSO DURAN,

                                  Plaintiff,

-against-

THE BEST GROCERY CORP., ALFREDO DURAN,

                                  Defendants.
------------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**
18-cv-1891 (AMD) (RER)

**ANN M. DONNELLY, United States District Judge:**

On March 28, 2018, the plaintiff, Alfonso Duran, commenced this action against the defendants, The Best Grocery Corp. and Alfredo Duran. (ECF No. 1.) On July 25, 2018, the plaintiff requested a certificate of default, which the clerk of the court entered on July 27, 2018. (ECF Nos. 11, 12.) The plaintiff filed a motion for default judgment on August 17, 2018, seeking an award for $205,583.77, which includes minimum wage damages, overtime damages, spread-of-hour damages, liquidated damages, damages under the Wage Theft Prevention Act, attorneys' fees, costs, and pre-judgment interest. (ECF No. 13.) On January 28, 2019, the Honorable Ramon E. Reyes, Jr. recommended that I grant the plaintiff's motion and award the plaintiff $71,189.63, plus attorneys' fees, costs, pre-judgment interest on $33,094.82, and post-judgment interest. (ECF No. 15.) No objections have been filed to the Report and Recommendation, and the time for doing so has passed. (*Id.*)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record."

1

*Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have reviewed Judge Reyes's thorough and well-reasoned Report and Recommendation for clear error. The analysis in the Report and Recommendation is sound. The only modifications are mathematical; some of the final damages sums do not include amounts that were calculated in the underlying analysis. When those amounts are included, the plaintiff is entitled to $54,427.51 in unpaid minimum wage compensation, $22,048.27 in unpaid overtime wages, $4,639.00 in spread-of-hours compensation, $81,114.78 in liquidated damages, and $5,000 in damages under the Wage Theft Prevention Act. The plaintiff is also entitled to $1,590.00 in attorneys' fees, $549 in costs, pre-judgment interest on $81,114.78, and post-judgment interest.[1] I find no clear error in the remainder of the Report and Recommendation.

Accordingly, I adopt the Report and Recommendation with the above modifications. The plaintiff's motion for default judgment is granted, and the plaintiff is awarded $169,368.56—this amount includes unpaid minimum wage compensation, unpaid overtime wages, spread-of-hours compensation, liquidated damages, damages under the Wage Theft Prevention Act, and attorneys' fees and costs—plus pre-judgment interest on $81,114.78 and post-judgment interest.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      February 26, 2019

---

[1] The Report and Recommendation correctly calculates the damages under the New York Labor Law from March 28, 2012, based on the six-year statute of limitations. Thus, the statement in the Report and Recommendation that "[t]he NYLL will cover Plaintiff's claims from March 28, 2011" appears to be a drafting error. (ECF No. 15 at 3.)